# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF COLLETON ) | |
| ) | C/A NO.: 2018-CP-15- |
| Devin Thomas Harley, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | *(Jury Trial Demanded)* |
| v. ) | |
| ) | |
| North American Transportation ) | |
| Services, LLC, Todd T. Packard, Premium ) | |
| Transportation Group, Inc., Premium ) | |
| Enterprises, Inc., Premium Transportation ) | |
| Staffing, Inc., Premium of Tennessee, Inc. ) | |
| and Marvin Morales, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff alleges:

1. Plaintiff Devin Thomas Harley is a citizen and resident of the State of Maryland.

2. Defendant North American Transportation Services, LLC is a Florida corporation doing business in South Carolina and subject to this Court's jurisdiction under the South Carolina Long Arm Statute.

3. Defendant Todd T. Packard, upon information and belief, is a citizen and resident of the State of Ohio doing business in South Carolina and subject to this Court's jurisdiction under the South Carolina Long Arm Statute.

4. Defendant Premium Transportation Group, Inc. is an Ohio corporation registered to do business in the State of South Carolina and doing business in South Carolina and subject to this Court's jurisdiction under the South Carolina Long Arm Statute.

5. Defendant Premium Enterprises, Inc. is an Ohio corporation doing business in South Carolina and subject to this Court's jurisdiction under the South Carolina Long Arm Statute.

ELECTRONICALLY FILED - 2018 Dec 06 4:04 PM - COLLETON - COMMON PLEAS - CASE#2018CP1501002

ELECTRONICALLY FILED - 2018 Dec 06 4:04 PM - COLLETON - COMMON PLEAS - CASE#2018CP1501002

6. Defendant Premium Transportation Staffing, Inc. is an Ohio corporation doing business in South Carolina and subject to this Court's jurisdiction under the South Carolina Long Arm Statute.

7. Defendant Premium of Tennessee, Inc. is a Tennessee corporation doing business in South Carolina and subject to this Court's jurisdiction under the South Carolina Long Arm Statute.

8. When referred to collectively Defendants Premium Transportation Group, Inc., Premium Enterprises, Inc., Premium Transportation Staffing, Inc. and Premium of Tennessee, Inc. will be called the "Premium Defendants".

9. Defendant Marvin Morales is a citizen and resident of Florida and subject to this Court's jurisdiction pursuant to the South Carolina Long Arm Statute.

10. Defendant Packard is the sole shareholder of Defendant Premium Transportation Group, Inc.

11. Defendant Premium Transportation Group, Inc. is the sole shareholder of Premium Enterprises, Inc., Premium Transportation Staffing, Inc. and Premium of Tennessee, Inc.

12. Defendant Packard is the President of and exercises exclusive control over each of the Premium Defendants.

13. Defendant Packard, by and through his exclusive control and use of Premium Transportation Group, Inc. and as President of the Premium Defendants, exercises complete control and dominion over the Premium Defendants such that each of the Premium Defendants serves no separate corporate interest but functions solely to serve the interests of Defendant Packard.

14. Defendant Packard and the Premium Defendants do business as trucking logistical companies providing drivers to trucking companies, including Defendant North American Transportation Services, LLC. Defendant Packard and the Premium Defendants' employees

ELECTRONICALLY FILED - 2018 Dec 06 4:04 PM - COLLETON - COMMON PLEAS - CASE#2018CP1501002

regularly operate commercial motor vehicles in and through South Carolina and make pick ups and deliveries in South Carolina.

15. Defendant Packard and the Premium Defendants share office space.

16. Defendant Packard and the Premium Defendants share the website www.premiumdrivers.com.

17. Defendant Packard and the Premium Defendants share phone numbers and facsimile numbers.

18. The Premium Defendants share corporate officers.

19. Defendant Packard and the Premium Defendants, through their officers and employees, each do business through the shared e-mail domain @premiumdrivers.com.

20. Defendant Morales filed a claim before the South Carolina Workers Compensation Commission wherein he stated Defendant Premium Transportation Staffing, Inc. was his employer at the time of the collision subject of this civil action.

21. Defendant Morales has testified under oath that Defendant Premium Transportation Staffing, Inc. was his employer at the time of the collision subject of this civil action.

22. Defendant Premium Transportation Staffing, Inc. appeared before the South Carolina Workers Compensation Commission as the employer of Defendant Morales in a claim related to the collision subject of this civil action.

23. Defendant Premium Enterprises, Inc., through its Director of Risk Management Carol Bowser, appeared in response to a South Carolina Rule of Civil Procedure 30(b)(6) notice as the corporate designee for Defendant Premium Transportation Staffing, Inc. in a claim before the South Carolina Workers Compensation Commission related to the collision subject of this civil action.

ELECTRONICALLY FILED - 2018 Dec 06 4:04 PM - COLLETON - COMMON PLEAS - CASE#2018CP1501002

24. Upon information and belief, Defendant Packard has siphoned off the funds of the Premium Defendants and each of the Premium Defendants is undercapitalized.

25. In 2014, Defendant Packard siphoned off $1,432,368.00 from Defendant Premium Transportation Staffing, Inc.

26. In 2015, Defendant Packard siphoned off $963,007 from Defendant Premium Transportation Staffing, Inc.

27. Upon information and belief, the 2014 and 2015 distributions siphoned off by Defendant Packard from Defendant Premium Transportation Staffing, Inc. were intentionally siphoned off to leave Defendant Premium Transportation Staffing, Inc. insolvent and unable to pay debts that it had incurred and would incur in the future.

28. On March 24, 2017, because Defendant Packard siphoned off funds from Defendant Premium Transportation Staffing, Inc., Defendant Premium Transportation Staffing, Inc. filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Ohio to protect, among others, the Premium Defendants.

29. On or about October 9, 2017, Defendant Todd Packard entered into an Amended and Restated Payment and Standstill Agreement in order to settle claims made by Zurich American Insurance Company ("Zurich") against Defendant Premium Transportation Staffing, Inc. and Defendant Packard individually for debts allegedly owed by Defendant Premium Transportation Staffing, Inc. and Defendant Packard to Zurich.

30. As part of the Amended and Restated Payment and Standstill Agreement, Defendant

ELECTRONICALLY FILED - 2018 Dec 06 4:04 PM - COLLETON - COMMON PLEAS - CASE#2018CP1501002

Packard personally guaranteed repayments of debts allegedly incurred by Defendant Premium Transportation Staffing, Inc. and Defendant Packard and owed to Zurich totaling more than $8,000,000.00.

31. As part of the Amended and Restated Payment and Standstill Agreement, Defendant Packard as President of the Premium Defendants agreed that the Premium Defendants would jointly and severally guarantee repayments of debts allegedly incurred by Defendant Premium Transportation Staffing, Inc. and Defendant Packard and owed to Zurich totaling more than $8,000,000.00.

32. Defendants are motor carriers as defined in the Code of Federal Regulations.

33. At all times relevant hereto, Defendant Morales was an employee of the Premium Defendants. The Premium Defendants leased Defendant Morales to Defendant North American Transportation Services, LLC to operate commercial motor vehicles for Defendant North American Transportation Services, LLC.

34. Defendant Morales received his truck through Defendant North American Transportation Services, LLC. Defendant Morales received his route designations, load instructions and work assignments through Defendant North American Transportation, LLC's dispatch. At all times relevant hereto Defendant Morales acted as an agent of Defendant North American Transportation, LLC performing trucking activities that affect interstate commerce.

35. On November 11, 2016, Plaintiff was a passenger in a Ford Taurus traveling south on Interstate 95 in Colleton County, South Carolina.

36. At the same time, Defendant Morales was operating a tractor trailer also traveling south on Interstate 95. At all times relevant hereto, the tractor trailer Defendant Morales was operating was under lease to Defendant North American Transportation Services, LLC.

37. Suddenly and without warning, Defendant Morales violently struck the Ford Taurus in the rear causing both vehicles to leave the interstate.

38. Defendant Morales' tractor trailer was driven on top of the Ford Taurus entrapping Plaintiff, his three children and his wife.

39. Plaintiff witnessed his children die following the collision and suffered and continues to suffer extreme emotional trauma as a result of watching them die while being stuck and unable to reach them.

40. Plaintiff's wife suffered a severe and permanent brain injury in the collision and Plaintiff was stuck unable to help her as she fought to live and Plaintiff suffered and continues to suffer extreme emotional trauma as a result of watching his wife struggle to live.

41. As a result of the above described collision, Plaintiff has suffered damages including, but not limited to, permanent bodily injury, pain and suffering, mental anguish, lost wages, loss of enjoyment of life, and the loss of the companionship and society of his children and wife.

42. The collision and Plaintiff's resulting injuries are the direct and proximate result of Defendants' negligent, negligent per se, willful, wanton, reckless, and grossly negligent acts in the following particulars:

### AS TO ALL DEFENDANTS

   a. In failing to maintain a proper lookout;
   b. In failing to keep his vehicle under proper control;
   c. In failing to properly and lawfully operate his vehicle on the roadways of the State of South Carolina in accordance with the common and statutory laws of same;
   d. In operating his motor vehicle with a reckless disregard for the rights and safety of others, especially the rights and safety of Plaintiff;
   e. In failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar conditions;

ELECTRONICALLY FILED - 2018 Dec 06 4:04 PM - COLLETON - COMMON PLEAS - CASE#2018CP1501002

    f. In operating his motor vehicle at a rate of speed that was too fast for the conditions;
    g. In striking the Ford Taurus;
    h. In operating his vehicle at a speed in excess of the speed limit;
    i. In failing to apply his brakes;
    j. In failing to take any action to avoid striking the Ford Taurus; and
    k. In operating a vehicle while in such condition that he could not safely operate his vehicle.

### AS TO DEFENDANTS NORTH AMERICAN TRANSPORTATION SERVICES, LLC, TODD T. PACKARD, AND THE PREMIUM DEFENDANTS

    a. In failing to properly train their employees;
    b. In failing to properly supervise their employees;
    c. In failing to properly manage their employees;
    d. In failing to properly monitor their driver's activities;
    e. In hiring drivers that they knew or should have known were unfit to drive a tractor trailer;
    f. In hiring drivers and entrusting tractor trailers to drivers who pose a hazard to the public when operating a tractor trailer;
    g. In failing to properly inspect its vehicles;
    h. In failing to properly maintain its vehicles;
    i. In failing to repair its vehicles;
    j. In failing to perform background checks or verify the qualifications and suitability of its employees to operate tractor trailers;
    k. In failing to follow their own policies and procedures;
    l. In failing to develop and employ proper policies and procedures; and
    m. In failing to act as a reasonable and prudent company would act under the same or similar circumstances.

43.   Defendants are vicariously liable for the actions of Defendant Morales.

44.   As a direct and proximate result of Defendants' negligent, negligent per se, willful, wanton, reckless and grossly negligent actions described above, Plaintiff has suffered damages, including loss of consortium, physical damages, lost wages, permanent damages, psychological damages and punitive damages, for which Defendants are liable.

### AS TO DEFENDANT TODD T. PACKARD AND THE PREMIUM DEFENDANTS
(Piercing the Corporate Veil/ Amalgamation of Interest/ Joint Venture)

45.   Plaintiff hereby incorporates all other allegations.

46.   At all times relevant hereto, Defendant Packard, as President and sole shareholder of

Defendant Premium Transportation Group, Inc. and President of the Premium Defendants siphoned funds from the Premium Defendants so as to keep them undercapitalized and insolvent.

47. The Premium Defendants did not pay regular dividends or distributions.

48. The Premium Defendants did not observe corporate formalities or keep appropriate corporate records.

49. Defendant Packard used the Premium Defendants as a mere façade for his own operations.

50. Defendant Packard exercised such complete control over the Premium Defendants that the Premium Defendants did not have separate minds, wills or existence of their own.

51. Defendant Packard exercised control over the Premium Defendants and caused them to pledge assets and siphoned funds in an illegal manner in order to purposely undercapitalize the Premium Defendants and avoid creditors and potential judgments owed to persons and entities such as Plaintiff.

52. Plaintiff has been injured by Defendant Packard's activities in that the Premium Defendants will not have sufficient assets to pay a judgment in this action.

53. The corporate veil should be pierced and Defendant Packard should be held personally liable for any judgment against any of the Premium Defendants.

54. The operations of Defendant Packard and the Premium Defendants are so intertwined as to constitute a single enterprise such that each should be liable to Plaintiff for the actions of the other.

55. Defendant Packard and the Premium Defendants had such a common purpose and community of interest as to constitute a joint enterprise for which they are each liable.

ELECTRONICALLY FILED - 2018 Dec 06 4:04 PM - COLLETON - COMMON PLEAS - CASE#2018CP1501002

ELECTRONICALLY FILED - 2018 Dec 06 4:04 PM - COLLETON - COMMON PLEAS - CASE#2018CP1501002

WHEREFORE, Plaintiff prays for a judgment against Defendants for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, for a trial by jury and for such other and further relief as the Court may deem just and proper.

PETERS, MURDAUGH, PARKER, ELTZROTH<br>
& DETRICK, P.A.<br>
<br>
BY:s/ Grahame E. Holmes<br>
Grahame E. Holmes<br>
Post Office Box 1164<br>
123 S. Walter Street<br>
Walterboro, South Carolina 29488<br>
(843) 549 9544<br>
<br>
ATTORNEYS FOR PLAINTIFF

December 6, 2018
Walterboro, South Carolina