**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| DEVIN T. HARLEY, *as personal representative of the estate of Nicholas C. Harley*, ) ) ) ) | |
| Plaintiff, ) ) | No. 2:19:cv-00029-DCN |
| vs. ) ) | **ORDER** |
| NORTH AMERICAN TRANSPORTATION SERVICES, LLC and MARVIN MORALS, ) ) ) ) | |
| Defendants. ) ) | |

      This matter is before the court on defendants North American Transport Services, LLC's ("NATS") and Marvin Morales' ("Morales") (collectively, "defendants") motion to compel, ECF No. 75. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

      This discovery dispute arises from a November 11, 2016 motor vehicle accident on Interstate 95 near Walterboro, South Carolina. Morales was driving a tractor-trailer (the "Tractor") for NATS when he collided with a Ford Taurus occupied by six individuals. Four of the six were killed during the collision, including Nicholas C. Harley. Plaintiff Devin T. Harley ("Harley"), as personal representative of the estate of Nicholas C. Harley, filed the instant action, asserting negligence claims against Morales and NATS. Similar lawsuits were filed on behalf of the other five injured individuals.

      Ryder Truck Rental, Inc. ("Ryder") is a commercial truck rental company that leased the Tractor to NATS at the time of the accident. On August 10, 2020, defendants issued a subpoena to Ryder, a nonparty to this lawsuit, seeking production of documents

1

related to insurance coverage for the Tractor. Ryder objected to the subpoena in its entirety, and on November 4, 2020, defendants issued an amended subpoena. Ryder again objected to the subpoena as amended. On December 7, 2020, defendants filed the instant motion to compel. ECF No. 75. On January 8, 2021, Ryder responded, ECF No. 80, and on January 15, 2021, defendants replied, ECF No. 82. As such, this motion has been fully briefed and is now ripe for the court's review.

## II. DISCUSSION

A party to litigation may serve a subpoena on a non-party for the production of discoverable material. Subpoenas are governed by Fed. R. Civ. P. 45, which provides that

> [a]t any time, on notice to the [subpoenaed] person, the serving party may <u>move the court for the district where compliance [with the subpoena] is required</u> for an order compelling production or inspection.

Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

Motions to compel discovery responses in connection with a Rule 45 subpoena are governed by Fed. R. Civ. P. 37(a), which provides as follows:

> (2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. <u>A motion for an order to a nonparty must be made in the court where the discovery is or will be taken</u>.

Fed. R. Civ. P. 37(a) (emphasis added).

As this court has previously explained, "both Rule 37 and Rule 45 require that when a party seeks to compel a non-party's action pursuant to a subpoena duces tecum, the party must file its motion to compel in the district where the sought documents are located, not in the district where the subpoena was issued." Koenig v. Johnson, 2020 WL 635772, at *2 (D.S.C. Feb. 11, 2020). Defendants filed this motion to compel in the

District of South Carolina. However, Ryder's headquarters and the documents defendants seek are located in Miami, Florida in the Southern District of Florida. As such, defendants have brought the motion to compel in the wrong district, as the federal rules require that the Southern District of Florida hear the dispute. Because of this fatal procedural shortcoming, the court need not reach the substantive merit of defendants' motion to compel.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** the motion to compel.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**February 18, 2021**
**Charleston, South Carolina**